IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIAM D. HEADFORD, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | **CIVIL No: 4:11-CV-155-CDL-MSH** |
| HARRIS COUNTY PRISON, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| **Defendants** | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER

Plaintiff **WILLIAM D. HEADFORD**, an inmate currently confined at the Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.   He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Plaintiff, however, has failed to provide the Court with a certified copy of his trust fund account statement for the six-month period prior to the date Plaintiff filed his Complaint.   Accordingly, the Court does not have sufficient information to determine the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. §1915.

Plaintiff is thus **ORDERED** to provide the Court with a certified copy of his trust account statement for the six-month period that occurred just prior to the date Plaintiff filed his Complaint.   If Plaintiff has been incarcerated less than six months, he shall provide the Court with an account statement covering the entire period of his confinement.

Plaintiff is also **ORDERED** to file a supplement to his Complaint.   In his Amended Complaint [Doc. 5], Plaintiff does fully describe the events giving rise to this action.   Plaintiff alleges that he was required to work in unsafe conditions at the prison,

suffered an injury, and was provided medical treatment thereafter. Plaintiff, however, fails to make any specific allegations against the named Defendants or describe how these Defendants allegedly violated his constitutional rights. Thus, Plaintiff's Complaint fails to provide enough detail for the Court to determine whether he can state a plausible claim against any defendant.

Plaintiff should supplement his Amended Complaint by listing each Defendant and telling the Court exactly what each did, or did not do, that violated his constitutional rights. In so doing, Plaintiff should keep in mind that wardens and other supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

There is no need for Plaintiff to explain what the "Harris County Prison" did to violate his rights because a county prison is not a legal entity that is subject to suit in a 42 U.S.C. § 1983 action.   Federal Rule of Civil Procedure 17(b) provides that the "[c]apacity to sue or be sued" is determined "by the law of the state where the court is located." Georgia law thus controls this issue, and the Georgia Supreme Court has explained that there are only three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue." *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318 (1988) (quoting *Cravey v. Southeastern Underwriters Assn.,* 214 Ga. 450, 453 (1958)).   The Harris County Prison is neither of these.   In fact, federal courts have routinely found that a county prison is not an entity capable of being sued under § 1983. *See e.g., Logue, Jr. v. Chatham County Detention Center*, 2010 WL 5769485 (S.D. Ga. Dec. 29, 2010) ("Chatham County Detention Center  . . . is not an entity that is subject to suit under § 1983."); *Ansley v. Franks*, 2010 WL 4007626 *2 n.2 (S.D. Ga. August 30, 2010) (A . . . jail

has no independent legal existence and is . . . not . . . subject to suit under § 1983.").

Plaintiff's supplement shall also further describe his efforts to exhaust the administrative remedies available to him.   It appears from the face of the Complaint that Plaintiff did not file a prison grievance. The exhaustion of available administrative remedies is a mandatory requirement.   *Porter v. Nussle*, 534 U.S. 516, 523, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002); 42 U.S.C. §1997e(a).   The requirement cannot be waived even when the grievance process is futile or inadequate.   *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007); *Alexander v Hawk*, 158 F.3d 1321, 1325-26 (11th Cir. 1998); *see also Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).   Thus if, after considering the exhaustion requirement, Plaintiff wishes to withdraw his Complaint and thereby avoid incurring a "strike" for purposes of 28 U.S.C. § 1915(g), he may file a motion to voluntarily dismiss this action pursuant to Fed.R.Civ.P. 41(a).

Otherwise, Plaintiff shall have TWENTY-ONE DAYS (21) DAYS from the date shown on this Order to (1) provide the Court with a certified copy of his trust account statement for the six month period that occurred just prior to the date Plaintiff filed his Complaint; and (2) file a supplement to his Complaint which more fully describes both his allegations and his efforts towards administrative exhaustion.   Failure to comply with this Order may result in the dismissal of Plaintiff's Complaint.

There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 28th day of November, 2011.


                              S/STEPHEN HYLES
                              UNITED STATES MAGISTRATE JUDGE